1  **POLSINELLI LLP**
   WESLEY D. HURST (SBN 127564)
2  whurst@polsinelli.com
   ALLEGRA GORCHYNSKI (SBN 323010)
3  agorchynski@polsinelli.com
   2049 Century Park East, Suite 2900
4  Los Angeles, CA 90067
   Telephone: (310) 556-1801
5  Facsimile: (310) 556-1802

6  JOHN C. CLEARY
   (*pro hac vice* forthcoming)
7  600 Third Avenue, 42nd Floor
   New York, New York 10016
8  Telephone:  (212) 413-2837
   Facsimile:   (212) 684-0197
9  john.cleary@polsinelli.com

10 CATHERINE A. GREEN
   (*pro hac vice* forthcoming)
11 900 W. 48th Place, Suite 900
   Kansas City, Missouri 64112-1895
12 Telephone:  (816) 753-1000
   Facsimile:   (816) 753-1536
13 cgreen@polsinelli.com

14 *Attorneys for Defendant*

15

16              **UNITED STATES DISTRICT COURT**

17              **CENTRAL DISTRICT OF CALIFORNIA**

18 | VALERIE TORRES, individually and on behalf of all others similarly situated, | Case No. 2:23-cv-02916-FMO-MRW |
19 | | [*Assigned For All Purposes to Hon. Fernando M. Olguin, Courtroom 6D*] |
20 | Plaintiff, | |
21 | v. | DEFENDANT 1-800-GOT-JUNK? LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS |
22 | 1-800-GOT-JUNK? LLC, | |
23 | Defendant. | [*Filed concurrently with Defendant 1-800-Got-Junk? LLC's Notice of Motion to Dismiss; [Proposed] Order*] |
24 | | |
25 | | Date:     July 20, 2023 |
26 | | Time:    10:00 a.m. |
27 | | Judge:   Hon. Fernando M. Olguin |
   | | Place:    Courtroom 6D |
28

---

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
90019921.11

TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................... 1

II. ARGUMENT ................................................................................................. 1

    A. The Complaint is Impermissibly Vague. ............................................... 2

    B. Plaintiff Does Not Plausibly Allege the Return Calls Were Recorded. ............................................................................................... 3

    C. Plaintiff Does Not Plausibly Allege the Return Calls Were Recorded Without Her Knowledge or Consent. ................................... 5

    D. Plaintiff Fails to Plead a Confidential Communication Under Section 632. .......................................................................................... 7

III. CONCLUSION .............................................................................................. 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................. 2

*Bell v. Twombly*,
  550 U.S. 554 (2007) .................................................................................................. 2

*Brodsky v. Apple Inc.*,
  445 F. Supp. 3d 110 (N.D. Cal. 2020) ...................................................................... 2

*Davis v. Los Angeles W. Travelodge*,
  2009 WL 4260406 (C.D. Cal. Oct. 8, 2009) ............................................................. 8

*Faulkner v. ADT Sec. Servs.*,
  706 F.3d 1017 (9th Cir. 2013) ................................................................................... 8

*Kristensen v. Credit One Bank, N.A.*,
  2016 WL 11757832 (C.D. Cal. July 11, 2016) ......................................................... 6

*Lopez v. Apple, Inc.*,
  519 F. Supp. 3d 672 (N.D. Cal. 2021) ................................................................. 5, 9

*Martin v. Sephora USA, Inc.*,
  2023 WL 2717636 (E.D. Cal. Mar. 30, 2023) ....................................................... 3, 4

*Meza v. City of Palm Springs*,
  2014 WL 12965996 (C.D. Cal. June 26, 2014) ........................................................ 4

*Moledina v. Marriott Int'l, Inc.*,
  2022 WL 16630276 (C.D. Cal. Oct. 17, 2022) ......................................................... 6

*Nei Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*,
  2016 WL 4886933 (S.D. Cal. Sept. 15, 2016) .......................................................... 6

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) ..................................................................................... 4

*Troyer v. Yerba Mate Co., LLP*,
  2020 WL 7122616 (N.D. Cal. Dec. 4, 2020) ............................................................ 8

**Constitution and Statutes**

Cal. Code Civ. Proc. § 340(a) ..................................................................................... 2

Cal. Penal Code § 632(a) ....................................................................................... 3, 7

Cal. Penal Code § 632(c) ........................................................................................... 7

Cal. Penal Code § 632.7 ......................................................................................... 1,3

Cal. Penal Code § 637.2(a) ........................................................................................ 7

U.S. Constitution, Art. III ...................................................................................... 5, 7

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant 1-800-GOT-JUNK? LLC ("Defendant") hereby files this memorandum of law in support of its Motion to Dismiss.

## I. INTRODUCTION

On April 18, 2023, Plaintiff filed her complaint against Defendant alleging violations of Sections 632 and 632.7 of the California Invasion of Privacy Act ("CIPA") "pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself and her counsel, which are based on personal knowledge." (Compl. at p. 1.)

Defendant provides junk removal services throughout the United States. (*Id.* ¶ 12.) According to Plaintiff, Defendant utilizes "software provided by Invoca, Inc" to record calls with its customers. (*Id.* ¶ 15.)

Plaintiff alleges that "[i]n or about April of 2022" she called Defendant to "obtain a quote for removing some personal items" (the "Initial Call"). (*Id.* ¶ 21.) Plaintiff does not allege the date of the Initial Call and does not allege Defendant failed to provide a recording disclosure as to the Initial Call. (*See id*.)

After the Initial Call, Plaintiff alleges that "up until May of 2022," she received various "follow up" calls from Defendant and that Defendant failed to provide a recording disclosure that those calls were being recorded (the "Return Calls"). (*Id.*) Plaintiff does not allege the dates of the Return Calls. (*See id*.)

Based solely on the Return Calls, Plaintiff brings a putative class action for violations of Sections 632 and 632.7 on behalf of herself and a putative class of individuals "who, while physically present in California, participated in an inbound telephone call with Got-Junk or one of its agents." (Compl. ¶¶ 21, 25, 26 (limiting classes to individuals who received a call from Defendant).)[1]

## II. ARGUMENT

Plaintiff's claims must be dismissed for lack of standing and failure to state a

---

[1] The Complaint describes calls from Defendant to Plaintiff as "inbound calls."

claim upon which relief can be granted.[2] First, the Complaint is impermissibly vague. Second, there is no plausible allegation that the Return Calls from Defendant to Plaintiff were recorded. Third, there is no plausible allegation that recording of Return Calls, as alleged by Plaintiff, was done without Plaintiff's knowledge or consent. Fourth, as to Count I, Plaintiff fails to plead a confidential communication as required under Section 632.

To survive a motion to dismiss, a complaint must contain sufficient facts that, if accepted as true, state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell v. Twombly*, 550 U.S. 554, 570 (2007). Plaintiff must include "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678. A complaint that asserts "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor can a complaint survive if it is based upon "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. Further, a court should not consider legal conclusions in determining whether the complaint has stated a claim for relief. *Id.* at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citations omitted).

### A. The Complaint is Impermissibly Vague.

Aside from Plaintiff's name, the Complaint is devoid of factual allegations that would allow Defendant to identify Plaintiff and the calls at issue. As explained above, Plaintiff merely pleads that she placed a call to Defendant "[i]n or about April of 2022" and thereafter "up until May of 2022," she received various "follow up" calls from Defendant. (*Id.* ¶ 21.) Plaintiff does not allege the dates or times of the calls, the telephone number or numbers she used to make or receive the calls, her

---

[2] In the alternative, insofar as the challenged actions of Defendant took place more than one year before suit was filed, Defendant also moves to dismiss on the grounds that Plaintiff's claims are barred by the one-year statute of limitations. *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 134 (N.D. Cal. 2020) (CIPA statute of limitations is one year pursuant to Cal. Code Civ. Proc. § 340(a)).

address, or any other identifying details. This vagueness falls short Rule 8's pleading requirements, which require a plaintiff to plead enough detail to allow a defendant to formulate a responsive pleading or motion. For example, the Eastern District of California has explained:

> Plaintiff's failure to identify the date of the at-issue incident, beyond the vague assertion that the purported violation occurred sometime 'within the past year' also renders the complaint and alleged causes of action impermissibly vague. . . . Such allegation fails to provide enough detail to guide discovery, for this reason, too, the complaint runs afoul of Rule 8 and must be dismissed.

*See Martin v. Sephora USA, Inc.*, No. 122CV01355JLTSAB, 2023 WL 2717636, at *6 (E.D. Cal. Mar. 30, 2023), *report and recommendation adopted,* No. 122CV01355JLTSAB, 2023 WL 3061957 (E.D. Cal. Apr. 24, 2023) (internal citations omitted).

### B. Plaintiff Does Not Plausibly Allege the Return Calls Were Recorded.

Counts I (Section 632) and II (Section 632.7) require an underlying call recording. Cal. Penal Code §§ 632(a) ("A person who . . . uses an electronic amplifying or recording device to eavesdrop upon or record the confidential communication . . . ."); 632.7(a) ("Every person who . . . intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication . . . ."). In support of this element, Plaintiff alleges: "Defendant records and monitors customer calls through a software platform developed by Invoca, and potentially other platforms as well." (Compl. ¶ 16.)

Both of these pleaded grounds for the allegation of call recording are flawed. The allegation concerning Invoca is contradicted by the very document Plaintiff cites in support and incorporates and quotes in the Complaint. Plaintiff quotes "an advertising brochure about Got-Junk's incorporation of the Invoca software into its customer service protocol." (Compl. ¶ 19.) But the quoted language does not state that Defendant utilized Invoca to make call recordings. Quite the opposite. The "advertising brochure" states:

> When a potential customer uses one of the call center numbers on the 1-800-GOT-JUNK? website, an agent responds and *manually records the call outcome* in the company's customer relationship management (CRM) platform.

(*Id.* (citing https://assets-global.website-files.com/5dfbb65fcb94d5455876bad9/5f470ec01a4808358ec39317_Invoca-Case_Study-1-800-GOT-JUNK.pdf) (emphasis added).) Indeed, that study makes no mention of call recording,[3] which is significant given that "Recording & Transcription" is only one of a number of products and services Invoca offers. (*See* Compl. at n. 3 (citing https://www.invoca.com/product/call-recordings-and-transcriptions (listing various products offered under "Product" tab including marketing attribution, medial optimization, lost sales recovery, automated quality assurance, and coaching and performance services)).) And the allegation that Defendant used "potentially other platforms as well" is pleaded as speculation and impermissibly vague in any event under Rule 8 and Rule 12. *See Martin*, 2023 WL 2717636 at *6 ("The Court also finds problematic Plaintiff's identification of the alleged third party with which Defendant purportedly shared the at-issue communications to be either 'Hubspot *and/or* Salesforce,' The failure to clearly identify with which entity Defendant allegedly aided/abetted/conspired to violate Plaintiff's privacy rights also runs afoul of Rule 8's notice pleading requirement." (internal citations omitted)).

If anything, the cited materials contradict the Complaint by specifying that the Defendant's customer call *outcomes* are *manually* recorded. (Compl. ¶ 19 ("an agent responds and *manually records the call outcome* in the company's customer relationship management (CRM) platform" (emphasis added)).) Contradictions between materials incorporated into a complaint and the pleaded allegations are to be resolved in favor of the incorporated materials. *Sprewell v. Golden State*

---

[3] In considering a motion to dismiss under Rule 12(b)(6), the court may consider documents incorporated by reference in the Complaint. *Meza v. City of Palm Springs*, No. EDCV1400509SJOSPX, 2014 WL 12965996, at *1 (C.D. Cal. June 26, 2014) (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

*Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) ("The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. . . . We have held that a plaintiff can—as [Plaintiff] has done here—plead himself out of a claim by including unnecessary details contrary to his claims.").

Plaintiff has thus pleaded no plausible factual support for an essential element of both of her claims – that any of the Return Calls were recorded.[4] And, for this same reason, Plaintiff's alleged "harm is overly speculative" and therefore insufficient to establish Article III standing or a basis for suit on the merits. *See Lopez v. Apple, Inc.*, 519 F. Supp. 3d 672, 689 (N.D. Cal. 2021) (dismissing CIPA claims for lack of Article III standing because the article relied on to allege communications were recorded failed to "plausibly suggest" that all Apple devices were being recorded).

C.   **Plaintiff Does Not Plausibly Allege the Return Calls Were Recorded Without Her Knowledge or Consent.**

The Complaint nevertheless projects confidence that there has been call recording by Defendant during the relevant period. Even if true, these averments do not exist in a vacuum and need to be correlated in time with the pleaded phone calls and the state of knowledge and expectation of privacy of Plaintiff. Obviously, if Plaintiff or her counsel knew or had reason to know there was call recording underway by Defendant at the time of the Return Calls, there is no case here.

Indeed, for at least two reasons, the Complaint can be reasonably interpreted to say just that. First, as stated above, the Return Calls are expressly pleaded as being devoid of any notification of recording while the Initial Call is not characterized this way at all. (*Compare* Compl. ¶ 21 ("*During the calls Defendant placed to her [i.e., the Return Calls], Ms. Torres was never told that the call was being recorded*, and

---

[4] Given the gaps and contradictions on this point, it is no answer to say that recording should be "inferred" or deemed in place by virtue of Plaintiff's "personal knowledge," "information and belief" or "the investigation of her counsel."

she never consented to those recordings." (emphasis added)), *with* Compl. ¶ 21 ("Ms. Torres called one of Defendant's customer service numbers . . . .").) The reasonable interpretation of this contrast is that the Initial Call included notice of recording and the Return Calls did not. *See Nei Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, No. 12-CV-01685-BAS(JLB), 2016 WL 4886933, at *3 (S.D. Cal. Sept. 15, 2016) ("In the typical implied in fact consent scenario, a party is informed that his call will be recorded, and he continues to use the communication system after receiving notice the communications are being intercepted." (citing *Negro v. Superior Court*, 230 Cal. App. 4th 879, 892 (2014))).

Second, the Complaint conspicuously omits any explanation or chronology around how or when Plaintiff gained actual or constructive knowledge of telephone call recording by Defendant. Here too, it is no answer to suggest that Plaintiff's obliviousness to recording or non-consent to recording should be "inferred" or deemed in pace by virtue of Plaintiff's "personal knowledge," "information and belief" or "the investigation of her counsel." The Complaint says nothing of the sort. Without a clear and plausibly pleaded demarcation between Plaintiff's alleged lack of knowledge of recording and her subsequent acquisition of such knowledge, the only reasonable interpretation of the Complaint is that her actual and constructive knowledge and consent to recording dated back to the Initial Call. And, to the extent Plaintiff knew or believed there may have been call recording at Defendant at the time of the Initial Call or the Return Calls, there is simply no case here. *See, e.g., Moledina v. Marriott Int'l, Inc.*, No. 222CV03059SPGJPR, 2022 WL 16630276, at *7 (C.D. Cal. Oct. 17, 2022) (explaining that "callers who never heard the [d]isclosure, but actually expected the calls to be recorded, may have implicitly consented to the recording by the very act of making the call."); *Kristensen v. Credit One Bank, N.A.*, No. CV147963DMGAJWX, 2016 WL 11757832, at *5 (C.D. Cal. July 11, 2016) ("a party's awareness that he or she is being recorded may establish that the party impliedly consented to the recording."); *Nei Contracting & Eng'g,*

*Inc.*, 2016 WL 4886933 ("Consent may be express or may be implied in fact from the surrounding circumstances indicating that [the party to the call] knowingly agreed to the surveillance." (quoting *United States v. Van Poyck*, 77 F.3d 285, 292 (9th Cir. 1996))).

Thus, given the contradictions and gaps on the face of the Complaint, there can be nothing actionable here about the Return Calls including no cognizable injury or traceability for Article III standing purposes. *See* Clapper *v. Amnesty Int'l USA*, 568 U.S. 398, 418 (2013) ("self-inflicted injuries are not fairly traceable" and therefore do not give rise to standing). Further, Plaintiff has failed to plead a cognizable injury as required under Section 637.2. Cal. Penal Code § 637.2(a) ("Any person who has been injured by a violation of this chapter may bring an action . . . ."). As such, the Complaint should be dismissed in its entirety for lack of standing, lack of subject matter jurisdiction, and failure to state a claim upon which relief can be granted.

### D. Plaintiff Fails to Plead a Confidential Communication Under Section 632.

Count I must also be dismissed because Plaintiff has failed to plead a "confidential communication" as required by the statute. Section 632(a) provides: "A person who, intentionally and without the consent of all parties to a *confidential* communication, uses an electronic amplifying or recording device to eavesdrop upon or record the confidential communication . . . ." Cal. Penal Code § 632(a) (emphasis added).

Plaintiff alleges she believed her communications were "confidential" as defined by Section 632(c) solely "[b]ecause Defendant did not disclose that its calls to Ms. Torres were being recorded." (Compl. ¶ 22.) But the law is clear that a mere failure to warn is insufficient. Indeed, the very subsection Plaintiff cites expressly excludes "any communication carried on in circumstances . . . in which the parties to the communication may reasonably expect that the communication may be

overheard or recorded." Cal. Penal Code § 632(c).

For example, in *Reynolds v. City & County of San Francisco*, the Ninth Circuit held that the plaintiff employee had no reasonable expectation of privacy (and thus no cognizable claim under Section 632) in a phone call he took at his desk in a "shared open workspace, during a time of day when others were likely to be present." 576 Fed. Appx. 698, 703 (9th Cir. 2014) (citing *Med. Lab. Mgmt. Consultants v. Am. Broad. Cos.*, 306 F.3d 806, 814 (9th Cir. 2002) (concluding there was no reasonable expectation of privacy where corporate-related topics were discussed in a professional setting)); *see also Davis v. Los Angeles W. Travelodge*, No. CV 08-8279 CBM (CTX), 2009 WL 4260406, at *2 (C.D. Cal. Oct. 8, 2009) ("Here, the communication at issue occurred between Defendant's desk clerk and Plaintiff. The communication took place in the hotel lobby, which is a public place. Given the location of the communication and the nature of the conversation, the desk clerk could have no reasonable expectation that her conversation was not being overheard or recorded.").

Plaintiff's failure to plead the circumstances of the calls at issue warrants dismissal. As the Northern District of California has explained:

> In short, the complaint does not allege facts regarding any particular communication or conversation, let alone facts surrounding the attendant circumstances of any such communications, which would allow this order to make any conclusions regarding confidentiality. As such, plaintiff has failed to plead facts nudging his claim "from conceivable to plausible." *Twombly*, 550 U.S. at 570. Given this threshold deficiency, this order does not reach defendants' argument regarding whether or not plaintiff has sufficiently alleged intentionality under Section 632.

*Troyer v. Yerba Mate Co., LLP*, No. C 20-06065 WHA, 2020 WL 7122616, at *2 (N.D. Cal. Dec. 4, 2020); *see also Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1020 (9th Cir. 2013) ("too little is asserted in the complaint about the particular relationship between the parties, and the particular circumstances of the call, to lead to the plausible conclusion that an objectively reasonable expectation of confidentiality would have attended such a communication. [Plainitff] has therefore

failed to 'nudge[]' his claim 'from conceivable to plausible.'" (internal citations omitted)); *Lopez v. Apple, Inc.*, 519 F. Supp. 3d 672, 689 (N.D. Cal. 2021) ("iPhones are frequently used in public settings, and Plaintiffs have not alleged that they used them in private settings that justify such an expectation [of confidentiality]. Plaintiffs have therefore not sufficiently alleged confidentiality.").[5]

## III.  CONCLUSION

For the forgoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's complaint in its entirety.

Respectfully Submitted,

Dated: June 15, 2023          **POLSINELLI LLP**

By: _____
Wesley D. Hurst
*Attorneys for Defendant 1-800-GOT-JUNK? LLC*

---

[5] This is especially true since the allegations contradict a reasonable expectation of confidentiality. Indeed, as stated above, the Complaint can be reasonably interpreted as indicating Plaintiff's knowledge and consent to call recording dated back to the Initial Call.

# L.R. 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant 1-800-GOT-JUNK? LLC certifies that this brief contains 3,455 words as determined using the "word count" function in Microsoft Word, which complies with the word limit of L.R. 11-6.1.

Respectfully Submitted,

Dated: June 15, 2023

**POLSINELLI LLP**

By: _____
Wesley D. Hurst
*Attorneys for Defendant 1-800-GOT-JUNK? LLC*

# CERTIFICATE OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2049 Century Park East, Suite 2900, Los Angeles, CA 90067.

On June 15, 2023, I served a true copy of the following document described as **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** on interested parties in this action as follows:

| | |
|---|---|
| **BURSOR & FISHER, P.A.**<br>L. Timothy Fisher<br>1990 North California Blvd., Suite 940<br>Walnut Creek, CA 94596 | *Attorneys for Plaintiff* |

☐ **(BY MAIL)** By placing such document in a sealed envelope, with postage thereon fully prepaid for first class mail, for collection and mailing at Polsinelli LLP following ordinary business practice. I am readily familiar with the practice at Polsinelli LLP for collection and processing of correspondence for mailing with the United States Postal Service, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for collection.

☐ **(BY ELECTRONIC MAIL)** By transmitting such document(s) electronically from my e-mail address, at Polsinelli LLP, to the person(s) at the electronic mail addresses listed above.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 15, 2023, at Los Angeles, California.

_____
Cindy Cripe